DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for felonious assault entered in the Lucas County Court of Common Pleas. Because we conclude that the sentence appellant received was in conformity with the law, we affirm.
 {¶ 2} Willis Hall and Lawanda Thomas met at work and began keeping company. On the evening of November 19, 2003, Hall expected Thomas at his home about midnight. When, several hours later, Thomas had not yet appeared or called, Hall became concerned. He called a taxi to take him to Thomas's central city Toledo home.
 {¶ 3} According to the testimony of Hall's cab driver, he drove Hall to Thomas's home and observed Hall go to Thomas's front door. He then saw a figure dressed in black run toward Hall and begin to beat him about the head and shoulders with a chrome metal baton. The cab driver saw Hall offer no resistance, but observed the man in black continue to beat and kick Hall even after Hall appeared unconscious. Indeed, according to the taxi driver, even after Hall was on the ground showing no movement, the attacker pulled the body into the center of the street and beat him with the baton until police arrived.
 {¶ 4} Police found appellant, Thomas's former boyfriend Alexander Enebeli, continuing to beat Hall's inert body. He continued to do so until police ordered him to stop. Hall was hospitalized. He remained comatose for three days. Hall sustained permanent injury from the attack.
 {¶ 5} Police arrested appellant who was charged with attempted murder and felonious assault. Appellant pled not guilty. The matter proceeded to trial, following which a jury acquitted appellant of the attempted murder charge, but convicted him of felonious assault, a second degree felony. Following a pre-sentence investigation and a sentencing hearing, the court imposed a five-year term of incarceration. From the judgment of conviction and sentencing, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 6} "I. The defendant's sentence was excessive as he was a first time offender."
 {¶ 7} R.C. 2929.14(B) provides that:
 {¶ 8} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} Permissible definite prison terms for a second degree felony are two, three, five, six, seven or eight years. R.C.2929.14(A)(2).
 {¶ 12} When a sentencing court imposes a sentence greater than the minimum upon someone who has not previously served a prison term, the court must make one of the R.C. 2929.14(B)(2) findings on the record at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165, at ¶ 26.
 {¶ 13} Appellant insists that, although the trial court stated on the record at the sentencing hearing that it found that, "* * * the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public * * *," this is insufficient to satisfy Comer.
Additionally, appellant maintains, the court must make manifest the analysis performed to reach its findings.
 {¶ 14} Appellant mixes apples and oranges. Comer dealt with two sentencing deviations: the imposition of consecutive sentences and the imposition of non-minimum sentences upon a first offender. The Comer court concluded that because R.C.2929.19(B)(2)(c) requires that a court imposing consecutive sentences, "* * * shall make a finding that gives its reasons
for selecting * * *" consecutive sentences, Comer at 467, ¶ 14 (emphasis in original), the court must state both its findings and reasons at the sentencing hearing. Id. at ¶ 20.
 {¶ 15} By contrast, the sentencing statutes are silent with respect to any requirement that a sentencing court articulate its reasons for non-minimum sentences to first offenders. All that is required to be stated is that the court finds the minimum sentence would demean the seriousness of the offender's conduct or that a minimum sentence will not adequately protect the public. Id. at ¶ 26.
 {¶ 16} In this matter, the court stated both findings, which are amply supported by the record. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J. Concur.